FILED IN CHAMBERS
U.S.D.C ATLANTA
Date: Oct 06 2021
KEVIN P. WEIMER, Clerk
By: /s/ Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| WILLIE FRANK WRIGHT, JR., GDC No. 904756, Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : | |
| WARDEN KEVIN SPRAYBERRY, et al., Defendants. | : : : | CIVIL ACTION NO. 4:19-CV-95-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, Willie Frank Wright, Jr., submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in connection with his previous confinement in Hays State Prison in Trion, Georgia. (Compl. [1].) Counsel filed a Notice of Appearance for plaintiff [31] and a Second Amended Complaint against defendants, Warden Kevin Sprayberry, Deputy Warden Black, and Unit Manager Eilla. (Second Am. Compl. [41] 2-3.)

The undersigned ordered plaintiff's counsel to serve process on the defendants. (See Order of Feb. 16, 2021 [43], at 2.) After plaintiff's counsel failed to do so, the undersigned issued an Order to Show Cause on June 9, 2021 [46]. On that same date, plaintiff's counsel filed a Response to the Order to Show Cause [50]

and began serving process on the defendants [51, 52, 53]. Defendants were served on June 14, 2021 [54, 55, 56].

Sprayberry and Eilla filed a Motion to Dismiss [58], plaintiff filed a Response in opposition [59], and Sprayberry and Eilla filed a Reply [60].[1] Black did not respond to the Second Amended Complaint. For the reasons stated below, the undersigned **RECOMMENDS** that (1) Sprayberry and Eilla's Motion to Dismiss be **GRANTED**, and (2) this case be **DISMISSED WITHOUT PREJUDICE** for untimely service of process as to all defendants.

## I. DISCUSSION

Sprayberry and Eilla move to dismiss for untimely service of process. (Mot. Dismiss 1.) They argue that plaintiff's counsel failed to show good cause for his untimeliness, in violation of Federal Rule of Civil Procedure 4(m), which provides the following:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] Plaintiff spells the party's name as Eilla, but the correct spelling is apparently Illa. (Mot. Dismiss 1.) The undersigned uses plaintiff's spelling throughout this Final Report and Recommendation for consistency.

2

Fed. R. Civ. P. 4(m). (Def. Br. [58-1] 1-3.)

As Sprayberry and Eilla correctly explain, the undersigned ordered plaintiff's counsel to serve process on the defendants no later than May 24, 2021. (See Order of Feb. 16, 2021, at 2.) After plaintiff's counsel failed to do so, the undersigned issued an Order to Show Cause on June 9, 2021 [46]. In response, plaintiff's counsel fails to provide any reason why he did not comply with the ninety-day service period. (See Resp. [50] 1-2; [59] 1-2.) Therefore, the undersigned agrees with Sprayberry and Eilla that plaintiff's counsel (1) "apparently exercised no diligence at all to effect service" during the ninety-day service period, and (2) "demonstrated neglect with no meaningful excuse." (Def. Br. 3; Reply 1.)

The undersigned finds that plaintiff's counsel fails to show good cause for his untimely service of process on Sprayberry and Eilla. Although Black did not respond to the Second Amended Complaint, the undersigned finds that plaintiff's counsel also fails to show good cause for his untimely service of process on Black.

> [W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court

3

exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time. . . .

[T]he running of the statute of limitations . . . does not require that the district court extend time for service of process under Rule 4(m), [but] it [is] incumbent upon the district court to at least consider this factor.

Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

The undersigned finds that no other circumstances warrant an extension of time based on the facts of the present case. Because the Second Amended Complaint concerns events that began on May 13, 2020, plaintiff has sufficient time to recommence the case within the two-year statute of limitations that applies to § 1983 actions in Georgia. (See Second Am. Compl. 4-9.)[2] See Combs v. Nelson, 419 F. App'x 884, 886 (11th Cir. 2011) (per curiam) (citing Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003)).

Accordingly, Sprayberry and Eilla's Motion to Dismiss should be granted, and this case should be dismissed without prejudice for untimely service of process as to all defendants.

---

[2] In the original Complaint, plaintiff brought different claims that he abandoned after he obtained counsel. (See Order & Non-Final R. & R. of Dec. 1, 2020 [32], at 3-6.)

4

## II. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) Sprayberry and Eilla's Motion to Dismiss [58] be **GRANTED**, and (2) this case be **DISMISSED WITHOUT PREJUDICE** for untimely service of process as to all defendants.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO RECOMMENDED**, this 6th day of October, 2021.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE