IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

WILLIE FRANK WRIGHT, JR.,

    Plaintiff,

v.

WARDEN KEVIN SPRAYBERRY, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 4:19-CV-0095-HLM-WEJ

## ORDER

This is a civil rights action filed under 42 U.S.C. § 1983. The case is before the Court on the Motion to Dismiss filed by Defendants Sprayberry and Eilla [58], on the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [61], and on Plaintiff's Objections to the Report and Recommendation [63].

**I. Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. <u>United States v. Keel</u>, 164 F.

App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Discussion

On February 16, 2021, Judge Johnson ordered Plaintiff to serve process on Defendants. (Order of Feb. 16, 2021 (Docket Entry No. 43).) On June 9, 2021, Judge Johnson noted that the ninety-day service period had expired, and he ordered Plaintiff's counsel to show cause within fourteen days why this case should not be dismissed without prejudice for lack of service of process. (Order of June 9, 2021 (Docket Entry No. 46) at 2.) On that same day, Plaintiff's counsel filed a response stating that "immediately upon receiving the Order to show cause the undersigned counsel drafted and requested that the Clerk issue a Summons in the above-styled case." (Resp. Order Show Cause (Docket Entry No. 50) at 1.) Counsel further stated: "Upon receipt back of the Summons by the Clerk of the Court, counsel for Plaintiff will send

by overnight mail these Summons with attached Amended Complaint to the Sheriff of Chattooga County to be served on the Defendants." (Id.) Notably, counsel did not explain why he failed to comply with the ninety-day service period or show cause for that failure. (Id.)

On July 6, 2021, Defendants Sprayberry and Eilla filed a Motion to Dismiss, arguing that Plaintiff failed to meet his service obligations. (Br. Supp. Mot. Dismiss (Docket Entry No. 58-1) at 3.) On October 6, 2021, Judge Johnson issued his Non-Final Report and Recommendation. (Final Report & Recommendation (Docket Entry No. 22).) Judge Johnson recommended that the Court grant the Motion to Dismiss and dismiss this case without prejudice. (Id.)

Plaintiff, through counsel, filed Objections to the Order and Non-Final Report and Recommendation. (Objs. (Docket Entry No. 63).) The Court finds that no response to those Objections from

Defendants is necessary, and it concludes that the matter is ripe for resolution.

The Court agrees with Judge Johnson that Plaintiff's counsel failed to show good cause for his untimely service of process on Defendants, and that no extension of time to serve process is warranted. The Court finds that nothing in Plaintiff's Objections requires a different conclusion.

First, Plaintiff's argument in his Objections that he complied with Judge Johnson's Order to show cause by serving process misses the point. (Objs. at 1-2.) Judge Johnson's Order directed Plaintiff to <u>show cause</u> why he had not served process on Defendants within the applicable service day period. (Order of June 9, 2021 at 2.) Plaintiff's response to Judge Johnson's Order did not explain why Plaintiff failed to serve process in a timely fashion. (Resp. Show Cause Order.) Plaintiff therefore did not

5

comply with Judge Johnson's Order to show cause why he failed to serve process in a timely fashion.

Similarly, Plaintiff's contention in his Objections that he failed to serve process in a timely fashion because "his legal assistance was working only part-time" comes too late. (Objs. at 2.) Plaintiff should have made that argument in his response to Judge Johnson's Order or in response to Defendants' Motion to Dismiss, rather than waiting to raise the argument for the first time in his Objections. Notably, Plaintiff bears the burden to show good cause for untimely service, and he failed to meet that burden in his response to Judge Johnson's Order or in his response to Defendants' Motion to Dismiss. See Glass v. Equifax, Inc., Civil Action No. 1:20-CV-4481-TWT-CCB, 2021 WL 2557213, at *1 (N.D. Ga. Mar. 26, 2021) ("Where the plaintiff fails to effect proper service within the 90-day limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure."

6

(internal quotation marks and citation omitted).)  In any event, Plaintiff's conclusory assertion that his legal assistant worked only part-time does not meet his burden to show good cause for the untimely service of process.  See Hong-Diep Vu v. Phong Ho, 756 F. App'x 881, 882 (11th Cir. 2018) (per curiam) ("Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." (quoting Lepone-Dempsey v. Carroll Cty. Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Even if a court finds that a plaintiff fails to show good cause for failing to effect service in a timely fashion, the court still must consider whether any other circumstances warrant extending the time for service based on the facts of the case.  Lepone-Dempsey, 476 F.3d at 1282.  The Court finds that no other factors warrant extending the time for service here.  The statute of limitations has not expired, and Plaintiff may re-file this action.  Id.  Further,

nothing indicates that Defendants are evading service or that Defendants concealed a defect in attempted service.  Id. Dismissing the action without prejudice based on Plaintiff's failure to serve process in a timely fashion will not significantly prejudice Plaintiff or preclude Plaintiff from pursuing his claims.  The Court therefore declines to exercise its discretion to extend the time for service even absent good cause.

In sum, the Court agrees with Judge Johnson that Plaintiff failed to show good cause for his untimely service of process, and that no other factors warrant an extension of time for service.  The Court therefore adopts the Final Report and Recommendation, overrules Plaintiff's Objections, and grants the Motion to Dismiss.

## III. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [61], **OVERRULES** Plaintiff's Objections to the Final

Report and Recommendation [63], **GRANTS** the Motion to Dismiss filed by Defendants Sprayberry and Eilla [58], and **DISMISSES** this case **WITHOUT PREJUDICE**. Plaintiff may attempt to file a new lawsuit addressing his allegations within the applicable statute of limitations and serve process in accordance with Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED, this the 27th day of October, 2021.

/s/ Harold L. Murphy
_____
SENIOR UNITED STATES DISTRICT JUDGE